1  Brian K. Cline, State Bar no.: 246747
   brian@clineapc.com
2  Jeff Moses, State Bar no.: 303909
   jeff@clineapc.com
3      **CLINE, APC**
4      7855 Ivanhoe Ave, Suite 408
       La Jolla, CA 92037
5      858/373.9337 (t)

6  Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MARTINEZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; NORM REEVES FORD LINCOLN; ETHOS GROUP INC, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 3:22-cv-01082-MMA-BGS<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES:**<br>1. **Statutory Violation of California Civil Code section 1793.2(d)—Failure to Repurchase/Replace;**<br>2. **Statutory Violation of California Civil Code section 1794(b)—Failure to Complete Repairs within 30 days;**<br>3. **Statutory Violation of California Civil Code section 1794; UCC 2725—Breach of Express Warranty**<br>4. **Statutory Violation of California Civil Code sections 1791.1, 1794—Breach of Implied Warranty of Merchantability**<br>5. **Violation of the B&P Code**<br>6. **Violation of Magnuson-Moss Warranty Act**<br>7. **Fraud—Concealment**<br>8. **Violation of Consumer Legal Remedies Act**<br>9. **Violation of Civ. Code §1794.4; § 1794.4, Subd. (B)**<br>10. **Violation Of Civil Code Section 1796.5**<br>11. **Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiff alleges as follows:

1. Plaintiff JORGE MARTINEZ (hereinafter referred to as "Plaintiff") was at all material times, a competent adult.

2. Plaintiff is informed and believes and thereupon alleges that defendant FORD MOTOR COMPANY (Defendant) is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of distributing automobiles and other motor vehicles and motor vehicle components in Los Angeles County, California.

3. Plaintiff is informed and believes and thereupon alleges that defendant NORM REEVES FORD LINCOLN (Defendant) is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of distributing automobiles and other motor vehicles and motor vehicle components in Los Angeles County, California.

4. Plaintiff is informed and believes and thereupon alleges that defendant ETHOS GROUP INC. (EGI), doing business as ETHOS ADMINISTRATIVE SERVICES, INC. is a corporation organized and in existence under the laws of the State of Texas and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of providing and administering service contracts in Los Angeles County, California.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474, and are each independently, or as a representative of another defendant in this suit, responsible in some manner for the causes of action set forth herein and the damages sustained by Plaintiff.  When Plaintiff become aware of the

true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

# FIRST CAUSE OF ACTION
## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2
### (Against FORD MOTOR COMPANY)

6. Plaintiff purchased (hereinafter referred to as "purchased") one new[1] 2014 Ford Edge, vehicle identification number 2FMDK3GC8EBB39825, (Vehicle) which was distributed by Defendant. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of distributing consumer goods at retail.

7. Defendant gave Plaintiff an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

8. Plaintiff purchased a consumer good at retail, one 2014 Ford Edge, vehicle identification number 2FMDK3GC8EBB39825, which was distributed by Defendant. Defendant is the United States of America/North American distributor for the manufacturer Ford Motor Company. The consumer good was purchased primarily for personal, family, or household purposes. Plaintiff purchased the consumer from an entity engaged in the business of distributing and selling consumer goods at retail.[2]

9. During the warranty period, the Vehicle contained or developed nonconformity(s) to warranty, including but not limited to defect(s) which have

---

[1] See Civil Code Section 1793.22 (e)(2).
[2] *See* Civil Code section 1795.5.

- 3 -

manifested as check engine lights, cooling fan defect, power steering defect, coolant leaks, oil leaks, and Evaporative Emission Control System leaks. Said defects substantially impair the use, value, or safety of the Vehicle.

10. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Specifically, Plaintiff presented the Vehicle for repair at Defendant's authorized repair facility on or about August 24, 2020 (Invoice # 917297) due to the Vehicle overheating - cooling fan #2 was not working and cooling fan #1 was not working at low speed. Repairs were attempted on the cooling fans, throttle body part, and gasket throttle body. The Vehicle, however, continued to manifest defects and continued to overheat. On September 16, 2021, Plaintiff again presented the Vehicle for repairs at Defendant's authorized repair facility due to overheating (Invoice # C77823). Repairs included the replacement of the water pump and attempted repair of a coolant leak from the water pump. Repairs were also performed due to an oil leak emanating from oil pressure switch (Invoice #E77923). Unfortunately, however, the Vehicle continued to overheat. Indeed, the Vehicle was indicating code P0480 for the fans and code P0456 for a part of the emissions system. After having the vehicle overheat at a red light on a cool night, Plaintiff let the Vehicle cool down and checked the coolant level and noticed that both cooling fans were not on. When the vehicle completely cooled down, one of the fans started working and Plaintiff was able to drive home. Plaintiff then scheduled another repair appointment and took the vehicle to Norm Reeves Ford in Cerritos CA. Defendant's authorized repair facility was unable to properly diagnose or repair the overheating concerns on this repair visit. However, the power steering pump was replaced due to a leak. Currently, despite no less than four (4) repair opportunities to fix the Vehicle's overheating, Defendant has yet to conform the Vehicle to warranty. The Vehicle continues to overheat, and the fans are not working. Despite this fact, Defendant failed

- 4 -

3:22-cv-01082-MMA-BGS

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

11. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore bring this cause of action pursuant to Civil Code section 1794.

12. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

13. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

14. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision

15. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

///

///

///

## SECOND CAUSE OF ACTION

## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

### (Against Defendant FORD MOTOR COMPANY)

16. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

17. Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

18. Defendant failed to replace the Vehicle or reimburse Plaintiff in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity.

19. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

20. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and have exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is de minimis.

21. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express

warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

# THIRD CAUSE OF ACTION
# BREACH OF THE EXPRESS WARRANTY
# (CA CIV. CODE §1794; UCC §2725))
# (Against defendant FORD MOTOR COMPANY)

22. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

23. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

24. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

25. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c) and 15 U.S.C. § 2310(d).

///
///
///

# FOURTH CAUSE OF ACTION

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (CA CIV. CODE §§1791.1, 1794)

### (Against Defendants FORD MOTOR COMPANY and FORD LINCOLN NORM REEVES)

26. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

27. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

28. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

29. Within the time frame set forth in Civil Code section 1791.1, the Vehicle contained or developed the defects set forth above. Plaintiff did not discover the latent defect until on or about August 24, 2020. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

30. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## FIFTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

### (Against all Defendants)

31. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

32. Defendant is alleged to have committed several statutory violations, as alleged in the preceding causes of actions which provide a predicate for violations of B & P § 17200. Et seq.

33. Defendant is required to comply with the Song-Beverly Act and the common-law duties as well. As alleged herein, Defendant violated these statutes and duties. These violations of law serve as a basis for a *per se* unlawful business practice under B & P § 17200. As a result of the aforementioned actions the Plaintiff was harmed and injunctive relief and restitution, including disgorgement of improper fees penalties and interest, is appropriate.

## SIXTH CAUSE OF ACTION

## VIOLATION OF MAGNUSSON-MOSS WARRANTY ACT

### (Against FORD MOTOR COMPANY and FORD LINCOLN NORM REEVES)

34. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

35. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

36. Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

37. The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

38. In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus, any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

39. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendant and/or by operation of law.

40. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

41. Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable.

42. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under the Mag-Moss Act.

43. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

44. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SEVENTH CAUSE OF ACTION
## FRAUD—CONCEALMENT
## (Against NORM REEVES FORD LINCOLN)

45. Defendant concealed or suppressed material facts as stated in above of this Complaint.

46. Defendant concealed or suppressed material facts: (a) they were bound to disclose by existing law; and/or (b) by telling Plaintiff other facts to mislead Plaintiff and prevent Plaintiff from discovering the concealed or suppressed facts. Specifically, on or about January 7, 2022, representatives at Norm Reeves Ford Lincoln, whose identity will be revealed through discovery, concealed the material fact that the cooling fans were not defective. Soon thereafter, in February 2022, Plaintiff's service contract expired - leaving Plaintiff to foot the costly bill. Plaintiff contacted Norm Reeves Ford Lincoln and informed them of the continual overheating. Representatives at Norm Reeves Ford Lincoln then informed Plaintiff that they would attempt repair again – at significant repair cost to Plaintiff.

47. Defendant concealed or suppressed these facts with the intent to defraud Plaintiff to continually present the Vehicle for repair and thus increase its "bottom line". At the time Plaintiff was unaware of the concealed or suppressed facts and would have taken different actions if Plaintiff had known the facts.

///
///
///

# EIGTH CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
### [CIV. CODE §§1750 et seq.]
### (Against NORM REEVES FORD LINCOLN)

48. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

49. Defendant is a "person" as defined by California Civil Code § 1761(c).

50. Plaintiff is a "consumer" within the meaning of California Civil Code § 1761(d).

51. Defendant violated the California Consumer Legal Remedies Act ("CLRA") when, inter alia, it engaged in unfair and deceptive acts. Knowingly warranting and allowing to be sold to Plaintiff the subject vehicle violated the following subsections of Cal. Civ. Code §1770(a) in these respects: (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantifies that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; (7) Defendant misrepresented that the subject vehicle was of a particular standard, quality and/or grade, when it was of another; (9) Defendant's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised; (14) Defendant's acts and practices fail to represent that the transaction involving the subject vehicle confers or involves obligations that are prohibited by law, particularly the sale of a vehicle with significant defects at the time of sale and/or the purposeful concealment of a defective condition to induce sale and/or fraud on the sale; and (16) Defendant's acts and practices constitute representations that the subject vehicle was supplied in accordance with previous representations when it was not; (17) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

52. Unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving not only Plaintiff but a substantial portion of the purchasing public, and imposed a serious safety risk on the public, including Plaintiff.

53. Defendant knew that the subject vehicle suffered from an inherent defect, was defective, would fail prematurely, had significant defects at the time of sale concealed by Defendants, and was not suitable for its intended use, and/or would not be able to/refuse to repair nonconformities to warranty under the warranty and/or service contract.

54. Defendant was under a duty to Plaintiff to disclose the defective nature of the subject vehicle, its safety consequences and/or the associated repair costs because:

a. Defendant acquired its knowledge and the potential consequences prior to Plaintiff acquiring the subject vehicle, though sources not available to consumers such as Plaintiff.

b. Defendant was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in its vehicles; and

c. Plaintiff could not reasonably have been expected to learn or discover of the defective condition and its potential consequences until after Plaintiff purchased the subject vehicle, if at all.

55. In failing to disclose the defects and their potential consequences, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

56. The facts concealed or not disclosed by Defendant to Plaintiff are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the subject vehicle. Had Plaintiff known that the subject vehicle was defective at the time of sale, Plaintiff would not have purchased the subject vehicle.

57. Plaintiff is a reasonable consumer who does not expect the vehicle to have been sold in a defective condition. Plaintiff further expects and assumes that Defendant will not sell or lease vehicles with known material defects including, but not limited to, those involving the Vehicle's engine system and will disclose any such defects or modifications to its consumers before selling such vehicles.

58. As a result of Defendant's misconduct, Plaintiff has been harmed.

59. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff has suffered and will continue to suffer actual damages.

60. Plaintiff is entitled to equitable and injunctive relief under the CLRA.

61. Plaintiff has provided/will provide Defendant with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a). If, within 30-days, Defendant fails to provide appropriate relief for its violations of the CLRA, Plaintiff will amend this Complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive and equitable relief Plaintiff seeks now.

62. Accordingly, in connection with his CLRA claim only, Plaintiff is seeking only injunctive and equitable relief at this time.

## NINTH CAUSE OF ACTION
## VIOLATION OF CIV. CODE §1794.4; § 1794.4, SUBD. (b)
### (Against Defendant ETHOS GROUP, INC.)

63. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

64. Plaintiff purchased a service contract from ETHOS GROUP INC. Said Service Contract covered some repair costs of the Vehicle.

65. In accordance with Defendant's Service Contract, Plaintiff delivered the Vehicle to Defendant's representative in California to perform repairs.

66. Defendant failed to provide Plaintiff with all of the services and functional parts that may be necessary to maintain proper operation of the entire product under normal

operation and service for the duration of the service contract and without additional charge. Specifically, as discussed supra, Plaintiff repeatedly presented the Vehicle for repairs. However, Defendant Ethos Group, Inc., repeatedly failed to provide functional parts and service necessary to maintain proper operation of the Vehicle. Said obligations were not expressly disclaimed in the service contract.

67. Plaintiff has been damaged by Defendant's failure to comply with their obligations, and therefore brings this Cause of Action pursuant to Civil Code section 1794.b and 1794 et seq.

68. Defendant's failure to comply with its obligations is willful, in that Defendant and/or its authorized representatives were aware that it was/is obligated to repair the Defects, but it intentionally refused to do so. Accordingly, Plaintiff is entitled to damages and a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

**TENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE SECTION 1796.5**

**(Against Defendant NORM REEVES FORD LINCOLN)**

69. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

70. Defendant NORM REEVES FORD LINCOLN is an individual, partnership, corporation, association, or some other kind of legal relationship which engage in the business of providing service or repair to new or used consumer goods.

71. Pursuant to Civil Code section 1796.5, Defendant NORM REEVES FORD LINCOLN had a duty to the purchaser to perform those services in a good and workmanlike manner.

72. On or about August 24, 2020, Plaintiff sought repairs from the Defendant NORM REEVES FORD LINCOLN. However, Defendant NORM REEVES FORD

- 15 -

3:22-cv-01082-MMA-BGS

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

LINCOLN breached its duty to Plaintiff to perform those services in a good and workmanlike manner.

73. As a direct and proximate result of Defendant NORM REEVES FORD LINCOLN's breach, Plaintiff has been damaged in an amount to be proven at trial.

## ELLEVENTH CAUSE OF ACTION FOR NEGLIGENCE
### (Against Defendant NORM REEVES FORD LINCOLN)

74. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

75. Defendant NORM REEVES FORD LINCOLN is engaged in the business of providing service or repair to new or used consumer goods.

76. In undertaking to perform those services, Defendant NORM REEVES FORD LINCOLN had a duty to perform those services in a good and workmanlike manner.

77. On or about August 24 2020, Plaintiff sought repairs from Defendant NORM REEVES FORD LINCOLN. However, Defendant NORM REEVES FORD LINCOLN breached its duty to Plaintiff to perform those repairs in a good and workmanlike manner.

78. As a direct and proximate result of Defendant NORM REEVES FORD LINCOLN's breach, Plaintiff has been damaged in an amount to be proven at trial.

///
///
///

WHERERFORE, PLAINTIFF PRAYS for judgment against Defendants as follows:

A. For Plaintiff's actual damages in an amount according to proof;

B. For restitution;

C. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

D. For any consequential and incidental damages;

E. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d); and 1780 and 15 U.S.C. § 2310(d)(2);

F. For prejudgment interest at the legal rate;

G. For such other relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED:   November 17, 2022                      **CLINE, APC**

                                        By:   _____*Jeff Moses*_____
                                              Jeffrey O. Moses
                                              Attorneys for Plaintiffs