1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

JORGE MARTINEZ,

12
                                    Plaintiff,

13
v.

14
FORD MOTOR COMPANY, et al.

15
                                    Defendants.

16
17
18
19
20
21

Case No. 22-cv-1082-MMA (BGS)

**ORDER GRANTING DEFENDANT ETHOS GROUP INC.'S MOTION TO DISMISS; AND**

[Doc. No. 23]

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS**

[Doc. No. 24]

22      On June 24, 2022, Jorge Martinez ("Plaintiff") commenced the instant action

23 against Ethos Group Inc. ("Defendant Ethos"), Ford Motor Company ("Defendant

24 Ford"), Norm Reeves Ford Lincoln, and Does 1–10 in the State of California, Superior

25 Court for the County of San Diego. *See* Doc. No. 1-2 ("Compl."). On July 25, 2022,

26 Defendant Ford removed the action to this Court based on federal question jurisdiction.

27 *See* Doc. No. 1. Defendant Ethos consented to removal. *See id.* at 2. Both Defendant

28 Ethos and Defendant Ford now move to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6). *See* Doc. Nos. 23, 24.[1]  Plaintiff filed oppositions, to which Defendants Ford and Ethos replied. *See* Doc. Nos. 25, 26, 27, 28.  The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 29.  For the reasons set forth below, the Court **GRANTS** Defendant Ethos's motion to dismiss and **GRANTS IN PART and DENIES IN PART** Defendant Ford's motion to dismiss.

## I. BACKGROUND[2]

Plaintiff purchased a "new 2014 Ford Edge" (the "Vehicle").  FAC ¶ 6.  Plaintiff contends that Defendant Ford is the distributor of the Vehicle. *Id.*  Plaintiff also purchased a service contract from Defendant Ethos that "covered some repair costs of the Vehicle." *Id.* ¶ 64.

The Vehicle subsequently developed issues. *See id.* ¶ 9.  Plaintiff alleges the following mechanical failures:

> During the warranty period, the Vehicle contained or developed nonconformity(s) to warranty, including but not limited to defect(s) which have manifested as check engine lights, cooling fan defect, power steering defect, coolant leaks, oil leaks, and Evaporative Emission Control System leaks.  Said defects substantially impair the use, value, or safety of the Vehicle.

*Id.*  Plaintiff alleges that he "presented the Vehicle for repair at Defendant[] [Ford's] authorized repair facility on or about August 24, 2020[,]" "again presented the Vehicle for repairs at Defendant's authorized repair facility due to overheating" on September 16, 2021, and then "scheduled another repair appointment and took

---

[1] At this stage, it appears that Defendant Norm Reeves Ford Lincoln has not yet been properly served.
[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the First Amended Complaint and construe them in the light most favorable to Plaintiff, the non-moving party. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017) (citation omitted).

the vehicle to Norm Reeves Ford in Cerritos CA[.]" *Id.* ¶ 10. Plaintiff avers that "Defendant has yet to conform the [V]ehicle to warranty" and that "[t]he Vehicle continues to overheat, and the fans are not working." *Id.* Plaintiff asserts that Defendant Ford failed to repair or replace the vehicle as required by the warranties and failed to reimburse him for expenses. *See id.* ¶¶ 6–44.

Plaintiff maintains that Defendant Ethos failed to provide the "services" and parts necessary for normal operation. *Id.* ¶ 66. Plaintiff "repeatedly presented the Vehicle for repairs" and "Defendant Ethos Group, Inc., repeatedly failed to provide functional parts and service necessary to maintain proper operation of the Vehicle." *Id.* In sum, Plaintiff asserts Defendant Ethos "fail[ed] to comply with their obligations" under the service contract. *Id.* ¶ 67.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual

allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citing *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996)).

In reviewing a motion to dismiss:

> [T]he "incorporation by reference" doctrine [extends] to situations in which the plaintiff's claim depends on the content of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1161 (9th Cir. 2012) ("Under the 'incorporation by reference' doctrine in this Circuit, 'a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment.'") (quoting *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2001)). The incorporation by reference "doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

1    Here, Defendant Ethos's motion to dismiss relies on a document not contained in
2  the FAC.  *See* Doc. No. 23 at 7 n.1.  Specifically, Defendant Ethos includes a copy of the
3  "Vehicle Service Contract entered into between [Defendant] Ethos and [Plaintiff]
4  Martinez."  *Id.*; Doc. No. 23-1 at 1–2 ("Exh. A").  Defendant Ethos urges that the Vehicle
5  Service contract is incorporated by reference as it is central to [Plaintiff] Martinez's
6  complaint with respect to Ethos."  Doc. No. 23 at 7 fn.1 (citation omitted).  Plaintiff's
7  ninth cause of action is for breach of the service contract by Defendant Ethos.  FAC
8  ¶¶ 63–68.  Relatedly, as explained *infra* Section III.A, Plaintiff cannot maintain his fifth
9  cause of action for violation of Business & Professions Code § 17200 without his ninth
10  cause of action.  *See id.* ¶¶ 31–33, 63–68.  Plaintiff does not dispute the authenticity or
11  challenge the existence of the service contract.  The Court concludes that incorporation
12  by reference is proper for the service contract.  *See* Exh. A.  Therefore, to the extent that
13  the document is not a means to "short-circuit the resolution of a well-pleaded claim" by
14  "serv[ing] to dispute facts stated in a well-pleaded complaint[,]" the Court considers the
15  service contract, Exhibit A, in considering Defendant Ethos's motion to dismiss.  *See*
16  *Khoja*, 899 F.3d at 1003.

17    Finally, where dismissal is appropriate, a court should grant leave to amend unless
18  the plaintiff could not possibly cure the defects of the pleading.  *Knappenberger v. City of*
19  *Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127
20  (9th Cir. 2000)).

21                    **III. DISCUSSION**

22    Defendant Ethos and Defendant Ford move to dismiss all causes of action against
23  them on the ground that Plaintiff fails to state a claim under Rule 12(b)(6).  *See* Doc. Nos.
24  23, 24.  The Court addresses each Defendants' motion in turn.

25  **A.    Defendant Ethos's Motion to Dismiss**

26    Plaintiff brings two causes of action against Defendant Ethos: breach of a service
27  contract in violation of Cal. Civ. Code § 1794.4 ("Song-Beverly Act") (Claim 9) and
28  unlawful business practice in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

("Unfair Competition Law" or "UCL") (Claim 5).  *See* FAC ¶¶ 31–33, 63–68.

Plaintiff cannot maintain Claim 5 against Defendant Ethos without Claim 9.  *See* Order, Doc. No. 18 at 5.  This is because "the [unlawful prong of the] UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'"  *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2022) (quoting *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999) (citations omitted)).  The Court therefore begins its discussion with Plaintiff's Song-Beverly Act claim before turning to his UCL claim.

### 1.    *Claim 9: Violation of Song-Beverly Act § 1794.4(b)*

California Civil Code § 1794.4 governs for "service contracts."  Cal. Civ. Code § 1794.4.  Plaintiff specifically cites the "service contract" provisions of the Song-Beverly Act, §§ 1794.4 and 1794.4(b).  FAC ¶ 67.  The relevant language states that "[e]xcept as otherwise expressly provided in the service contract, every service contract shall obligate the service contractor to provide to the buyer of the product all of the services and functional parts that may be necessary to maintain proper operation and service" of the Vehicle.  Cal. Civ. Code § 1794.4(b).

Plaintiff alleges he purchased a service contract from Defendant Ethos and that the service contract "covered some repair costs of the Vehicle."  FAC ¶ 64.  Plaintiff further alleges that "Plaintiff delivered the Vehicle to Defendant[] [Ethos's] representative in California to perform repairs" and that Defendant Ethos "repeatedly failed to provide functional parts and service necessary to maintain proper operation of the Vehicle."  *Id.* ¶ 66.  Plaintiff specifically cites the "service contract" provisions of the Song-Beverly Act, §§ 1794.4 and 1794.4(b).  *Id.* ¶ 67.

Plaintiff has not alleged facts to afford Defendant Ethos fair notice of its alleged violation.  *Starr*, 652 F.3d at 1216.  Elsewhere in the FAC, Plaintiff discusses mechanical failures and attempted repairs.  However, these allegations are neither specific to Defendant Ethos—Plaintiff simply refers to a singular "Defendant," ostensibly Defendant Ford—nor responsive to the Court's prior Order (1) concluding that Plaintiff does not

plead *how* Defendant Ethos allegedly violates the service contract, and (2) noting that Plaintiff failed to plead facts such as failure of repayment or functional parts withheld *by Defendant Ethos*.  Order at 5.  Relatedly, Plaintiff's bald allegation that "Defendant Ethos Group, Inc., repeatedly failed to provide functional parts and service necessary to maintain proper operation of the Vehicle" is insufficient to plausibly plead a claim for breach of the service contract.  *See* FAC ¶ 66.

Moreover, Plaintiff's argument that the terms of the service contract are irrelevant to Plaintiff's breach of service contract claim is unpersuasive.  *See* Doc. No. 26 at 10, 12–13.  "[Section] 1794.4(b) provides that a service contractor must comply with its terms '[e]xcept as otherwise expressly provided in the service contract.'"  Cal. Civ. Code § 1794.4(b) (2009).  "Thus, to the extent the service contract's terms differ with § 1794.4(b), the terms of the contract govern."  *Harlan v. Roadtrek Motorhomes, Inc.*, No. 07-CV-0686 IEG (BLM), 2009 U.S. Dist. LEXIS 29169, at *36–37 (S.D. Cal. Apr. 2, 2009).  The Court is similarly unconvinced by Plaintiff's argument that a service contract must "disclaim or provide any terms in contradiction to [Cal.] Civ. Code Section 1794.4(b)[.]"  *See* Doc. No. 26 at 12–13.  Plaintiff cites no authority for this proposition, and the Court is aware of none.

Plaintiff has already been given guidance and an opportunity to amend this claim against Defendant Ethos but has failed to plausibly plead the claim.  Accordingly, the Court **GRANTS** the motion and **DISMISSES** Claim 9 against Defendant Ethos **with prejudice** and **without leave to amend**.  *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

### 2. Claim 5: Violation of Business & Professions Code § 17200

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice . . . ."  Cal. Bus. & Prof. Code § 17200.  "Because the statute is written in the disjunctive, it applies separately to business acts or practices that are (1) unlawful,

(2) unfair, or (3) fraudulent." *Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2011 WL 13187108, at *9 (C.D. Cal. Apr. 21, 2011).

The Court previously dismissed this claim as insufficiently pleaded as to all three prongs of the UCL.  Order at 6–7.  Plaintiff appears to concede in his opposition to the instant motion to dismiss that he is only pursuing a UCL claim against Defendant Ethos under the "unlawful prong." *See* Doc. No. 26 at 13–16.  The Court therefore confines its analysis to the "unlawful" prong.

Plaintiff fails to plead the unlawful prong of the UCL because—as discussed in the preceding section—he fails to adequately plead a violation of the Song-Berverly Act.  "A UCL claim 'stands or falls depending on the fate of antecedent substantive causes of action.'" *Portelli v. WWS Acquisition, LLC*, No. 17-CV-2367 DMS (BLM), 2018 WL 9539773, at *4 (S.D. Cal. July 6, 2018) (quoting *Krantz v. BT Visual Images*, 107 Cal. Rptr. 2d 209, 219 (Cal. Ct. App. 2001)).  Here, Plaintiff's unlawful UCL claim against Defendant Ethos depends on a violation of the Song-Beverly Act.  *See* FAC ¶ 32.  Thus, because Plaintiff's Song-Beverly Act claim fails, his fifth cause of action against Defendant Ethos also fails.

Plaintiff has already been given guidance and an opportunity to amend this claim against Defendant Ethos but has failed to do so.  Accordingly, the Court **GRANTS** the motion and dismisses Claim 5 against Defendant Ethos **with prejudice** and **without leave to amend**.  *Allen*, 911 F.2d at 373.

**B.    Defendant Ford's Motion to Dismiss**

Plaintiff brings six causes of action against Defendant Ford: breach of express warranty in violation of California Civil Code § 1793.2(d) (Claim 1); failure to repair in violation of California Civil Code § 1793.2(b) (Claim 2); breach of express warranty in violation of California Civil Code § 1794 and the Uniform Commercial Code ("UCC") (Claim 3); breach of the implied warranty of merchantability in violation of California Civil Code § 1791.1 (Claim 4); violation of UCL § 17200 *et seq.* (Claim 5); and violation

of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (Claim 6).  FAC ¶¶ 6–44. The Court addresses each in turn.

1.      *Claim 1: Violation of Cal. Civ. Code § 1793.2(d)*

To prevail on a section 1793.2(d) breach of warranty claim, the plaintiff must prove that

> (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element).

*Oregal v. American Isuzu Motors, Inc.*, 109 Cal. Rptr. 2d 583, 588 (Cal. Ct. App. 2001).

Defendant Ford argues that "[t]he FAC still relies on conclusory, formulaic recitations [and] allegations, which cannot support [Plaintiff's] claim for breach of warranty."  Doc. No. 24-1 at 9.  Specifically, Defendant Ford urges that "Plaintiff is clearly unable to identify any actual qualifying repair within an eligible warranty period - by date, mileage or otherwise."  *Id.* at 9.

The Court previously found the nonconformity element plausibly pleaded but found the presentation and failure to repair elements insufficiently pleaded.  Order at 9. Accordingly, the Court focuses its instant analysis on the latter two elements of Plaintiff's § 1793.2(d) claim.  Plaintiff now alleges details germane to the presentation and failure to repair elements, including dates of presentations to Defendant's authorized repair facilities, what repairs were attempted, and the allegation that the "Vehicle continues to overheat, and the fans are not working."  *See* FAC ¶ 10.  Accepting as true all material allegations in the FAC, as well as reasonable inferences to be drawn from them, and construing them in the light most favorable to Plaintiff, Plaintiff sufficiently pleads the "presentation" and "failure to repair" elements.  *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192

(9th Cir. 2003)).  Accordingly, the Court **DENIES** the motion to dismiss Claim 1 against Defendant Ford.

### 2. Claim 2: Violation of Cal. Civ. Code § 1793.2(b)

Plaintiff's second cause of action arises from nonconforming goods that were not "serviced or repaired to conform to the applicable warranties within 30 days."  Cal. Civ. Code § 1793.2(b).  Plaintiff alleges that he "presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days[.]"  FAC ¶ 17.

Defendant Ford urges that Plaintiff fails to plausibly allege that Defendant Ford did not timely repair the Vehicle.  *See* Doc. No. 24-1 at 9–10.  The Court agrees.  Plaintiff's allegations lack specificity; for example, Plaintiff does not make any specific allegations regarding the length of time it took to commence or complete repairs on each of those occasions.  Instead, Plaintiff's cause of action is a "formulaic recitation of the elements" of the cause of action, which does not survive under Rule 8(a).  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Because Plaintiff has failed to adequately allege a claim under § 1793.2(b), the Court **GRANTS** the motion and **DISMISSES** Claim 1 against Defendant Ford.  *See Teckrom, Inc. v. Ford Motor Co.*, No. 22-cv-00357-RBM-KSC, 2022 U.S. Dist. LEXIS 211072, at *7–8 (S.D. Cal. Nov. 21, 2022) (finding an identically pled claim insufficient because "Plaintiff has merely recited the elements of a cause of action without plausibly alleging it is entitled to relief.") (quoting *Potts v. Ford Motor Co.*, No. 3:21-cv-00256-BEN-BGS, 2021 U.S. Dist. LEXIS 96228, 2021 WL 2014796, at *6 (S.D. Cal. May 20, 2021)) (alteration in original).  However, because it is possible that Plaintiff would be able to cure the defects in this cause of action, the Court grants leave to amend this claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        3.      *Claim 3: Violation of Cal. Civil Code § 1794, CA UCC § 2313*[3]

        "Under California law, to establish breach of express warranty, 'the plaintiff must prove (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *Zuehlsdorf v. FCA US LLC*, No. EDCV181877JGBKKX, 2019 WL 2098352, at *11 (C.D. Cal. Apr. 30, 2019) (quoting *Weinstat v. Dentsply Int'l, Inc.*, 103 Cal. Rptr. 3d 614, 626 (Cal. Ct. App. 2010)).

        Defendant Ford urges that Claim 3 should be dismissed because Plaintiff provides only "conclusory allegations." *See* Doc. No. 24-1 at 10–11. The Court agrees. Plaintiff again merely recites the elements of the cause of action. This is insufficient.

        Plaintiff has already been given guidance and an opportunity to amend this claim against Defendant Ford but has failed to do so. Accordingly, the Court **GRANTS** the motion and **DISMISSES** Claim 3 against Defendant Ford **with prejudice** and **without leave to amend**. *See Allen*, 911 F.2d at 373.

        4.      *Claim 4: Implied Warranty of Merchantability — Violation of Cal. Civ. Code § 1791.1(a)*

        An implied warranty of merchantability accompanies every retail sale of consumer goods in the state, unless specific disclaimer methods are followed. *See* Cal. Civ. Code § 1792; *Music Acceptance Corp. v. Lofing*, 32 Cal. App. 4th 610, 619 (1995). An implied warranty of merchantability guarantees that "consumer goods[:]" (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are adequately contained, packaged, and labeled; and (4) conform to the promises or affirmations of fact made on the container or

---

[3] The Court notes that Plaintiff failed to correct the typographical error noted in the Court's prior Order. *See* Order at 10 (noting that Plaintiff conceded the proper commercial code section for this claim is Cal. Com. Code § 2313 and not § 2725). Plaintiff's third cause of action—brought pursuant to the California Civil Code and CA UCC— arises from an alleged breach of an express warranty. *See* Cal. Com. Code. § 2313.

label.  Cal. Civ. Code § 1791.1(a).  The implied warranty of merchantability "arises by operation of law" and "provides for a minimum level of quality."  *Am. Suzuki Motor Corp. v. Sup. Ct.*, 37 Cal. App. 4th 1291, 1295–96 (1995).  The basic inquiry is whether the vehicle was fit for driving.  *See Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012).

Plaintiff alleges that "the Vehicle contained or developed [ ] defects" and "he did not discover the latent defect until on or about August 24, 2020."  FAC ¶ 29.

Plaintiff again merely recites the elements of the cause of action.  Additionally, Plaintiff again alleges that the Vehicle "is not adequately contained, packaged, and labelled" and "does not conform to the promises or affirmations of fact made on the container or label" but provides no facts suggesting the Vehicle was packaged or labeled, and despite the Court's prior Order noting that "there is no suggestion the Vehicle was purchased in a labeled container."  *See id.*; Order at 13; *see also Teckrom, Inc.*, 2022 U.S. Dist. LEXIS 211072, at *10 (dismissing a claim under § 1791.1 where the plaintiff alleged the vehicle was "not adequately contained, packaged, and labelled" and did "not conform to the promises or affirmations of fact made on the container" because the case had "nothing to do with packaged or labeled products").  Therefore, the Court finds Plaintiff has failed to satisfy the minimum pleadings requirements.  *See Iqbal*, 556 U.S. at 678.

Plaintiff has already been given guidance and an opportunity to amend this claim against Defendant Ford but has failed to add the requisite particularity to this claim.  Accordingly, the Court **GRANTS** the motion and **DISMISSES** Claim 4 against Defendant Ford **with prejudice** and **without leave to amend**.  *See Allen*, 911 F.2d at 373.

5.    *Claim 5: Violation of B&P Code § 17200*

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice . . . ."  Cal. Bus. & Prof. Code § 17200.  "Because the statute is written in the disjunctive, it applies separately to business acts or practices that are (1) unlawful,

(2) unfair, or (3) fraudulent." *Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2011 WL 13187108, at *9 (C.D. Cal. Apr. 21, 2011).

The Court previously dismissed this claim as insufficiently plead as to all three prongs of the UCL.  Order at 14–15.  Plaintiff appears to concede in his opposition to the instant motion to dismiss that he is only pursuing a UCL claim against Defendant Ford under the "unlawful prong." *See* Doc. No. 26 at 13–16.  The Court therefore confines its analysis to the "unlawful" prong.

"[T]he [unlawful prong of the] UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *Beaver*, 816 F.3d at 1177 (quoting *Cel–Tech Commc'ns, Inc.*, 973 P.2d at 539–40 (citations omitted)).  Here, Plaintiff's unlawful UCL claim against Defendant Ford depends on a violation of California law.  *See* FAC ¶ 32.  Claim 1 survives as to Defendant Ford.  Defendant Ford points to no authority suggesting that the facts supporting this claim are insufficient to plausibly state a claim for unfair competition.  Accordingly, the Court **DENIES** the motion to dismiss Claim 1 against Defendant Ford on this basis.

Additionally, Defendant Ford urges that "Plaintiff's claims for disgorgement of fees, penalties, and interest are without merit and must be dismissed." Doc. No. 24-1 at 13.  As the Court noted in its prior Order, in general, remedies for a violation of the UCL are confined to injunctive relief and restitution.  *See* Order at 14 (citing *Potts*, 2021 WL 2014796, at *6).  Though "a plaintiff may not recover monetary damages" under the UCL, remedies can include disgorgement if equitable in nature.  *See Potts*, 2021 WL 2014796, at *6)); *Cortez v. Purolator Air Filtration Prod. Co.*, 999 P.2d 706, 714–15 (Cal. 2000) (citing Cal. Bus. & Prof. Code § 17203).  At this early stage of litigation, the Court declines to decide this issue and therefore **DENIES** the motion to dismiss Claim 1 against Defendant Ford on this basis without prejudice to the parties raising the issue at a later stage of the litigation.

Plaintiff also seeks injunctive relief in connection with his UCL claim. FAC ¶ 33. Defendant Ford argues that injunctive relief is not available because Plaintiff "fails to make any showing that no adequate remedy at law exists" and that Plaintiff lacks standing for injunctive relief because "Plaintiff has failed to allege any injury, let alone the threat of a repeated future injury." *See* Doc. No. 24-1 at 13–16. The Court previously determined that Plaintiff failed to specifically plead the inadequacy of monetary damages in federal court and that Plaintiff had not alleged any threat of future harm. *See* Order at 14.

Plaintiff has already been given guidance and an opportunity to amend this portion of Claim 5 against Defendant Ford but has failed to do so. Accordingly, the Court **GRANTS** the motion to dismiss Claim 5 against Defendant Ford **with prejudice** and **without leave to amend** to the extent he seeks injunctive relief. *See Allen*, 911 F.2d at 373.

### 6. *Claim 6: Magnuson-Moss Warranty Act— Violation of 15 U.S.C. § 2301(3)*

"To state a claim under the Magnuson Moss Warranty Act ('MMWA'), [p]laintiffs must adequately plead a cause of action for breach of a written or implied warranty under state law." *Zuehlsdorf*, 2019 WL 2098352, at *11 (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)). Accordingly, "[c]laims under the Magnuson-Moss Warranty Act 'stand or fall with . . . express and implied warranty claims under state law.'" *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015). For the reasons set forth above, Plaintiff adequately pleads breach of a written warranty under California law. Therefore, the Court **DENIES** Defendant Ford's motion to dismiss Claim 6 against it.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Ethos's motion to dismiss and **GRANTS IN PART and DENIES IN PART** Defendant Ford's motion to dismiss. Plaintiff may not reallege claims that have been dismissed with prejudice. Plaintiff may file a Second Amended Complaint, if any, on or before **May 8, 2023** that

cures the pleading deficiencies identified in this Order.  If Plaintiff fails to cure the deficiencies outlined by the Court, the Court may dismiss the relevant claims against Defendant Ford with prejudice and without further leave to amend.

**IT IS SO ORDERED**.

Dated:  April 17, 2023

HON. MICHAEL M. ANELLO
United States District Judge