**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE MARTINEZ,<br><br>                            Plaintiff,<br>v.<br><br>FORD MOTOR COMPANY, et al.,<br>                            Defendants. | Case No. 22-cv-1082-MMA (BGS)<br><br>**ORDER:**<br><br>**(1) DISCHARGING ORDER TO SHOW CAUSE;**<br><br>**(2) GRANTING PLAINTIFF'S REQUEST TO EXTEND TIME FOR SERVICE; AND**<br><br>**(3) REQUIRING REMAINING PARTIES TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 31] |

Plaintiff Jorge Martinez ("Plaintiff") initiated this action on June 24, 2022. *See* Doc. No. 1. On April 17, 2023, the Court issued an order requiring Plaintiff to show cause why Defendant Norm Reeves Ford Lincoln ("Norm Reeves") should not be dismissed for failure to timely complete service. Doc. No. 31. On May 17, 2023,

Plaintiff filed a proof of service of the Complaint on Norm Reeves and a response to the Court's order to show cause.  Doc. No. 34.  In his response, Plaintiff notes that his first service attempt on Norm Reeves was on July 1, 2022, but that the service attempt failed because of an incorrect address.  *Id.* at 6.  Plaintiff states that Defendant Ford Motor Company ("Ford") subsequently removed this case from state court after Plaintiff's first service attempt.  *Id.*  Plaintiff also notes that the federal summons for Norm Reeves was not issued until May 8, 2023,[1] and that he promptly served the summons on May 9, 2023.  *Id.* at 6–7.  In light of Plaintiff's response and counsel's declaration, the Court **DISCHARGES** its April 17, 2023 order to show cause.

In his response, Plaintiff also requests that the Court retroactively extend the deadline for service of the operative complaint and summons on Norm Reeves.  *Id.* at 8.  Rule 4 of the Federal Rules of Civil Procedure governs service of the summons and complaint and provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, a showing of good cause requires the Court to grant an extension of time for service.  *Id.*  Counsel's mistake, inadvertence, or oversight does not constitute good cause for an extension of time under Rule 4(m).  *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).  Absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the action without prejudice.  Fed. R. Civ. P. 4(m); *see also In re Sheehan*, 253

---

[1] However, the Court notes that because Plaintiff did not serve Norm Reeves with the Complaint and state court summons before the case was removed, Plaintiff requested that a summons be issued from this Court only after the Court's April 17, 2023 order to show cause.

F.3d 507, 513 (9th Cir. 2001) ("[U]nder the terms of the rule, the court's discretion is broad.").

Here, as stated above, Plaintiff initiated this action on June 24, 2022. *See* Doc. No. 1. Ford removed this action on July 25, 2022. *Id.* Subsequent to removal, this case has gone through two rounds of motions to dismiss, yet service on Norm Reeves did not occur until after Plaintiff was prompted by this Court in its April 17, 2023 order to show cause, which was over 90 days after the Complaint was filed. Plaintiff's response and counsel's declaration do not address reasons for why Plaintiff never followed up on service after the failed first attempt until the Court's order to show cause. The Court assumes that service was never completed due to counsel's mistake or oversight.

Counsel's mistake or oversight does not constitute good cause for an extension of time under Rule 4. *See Wei*, 763 F.2d at 372 (reasoning that Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action" and if an attorney's mistake were to constitute good cause then "the good cause exception would swallow the rule").

However, the Court will exercise its discretion and not dismiss Norm Reeves at this time. Accordingly, the Court **GRANTS** Plaintiff's request to retroactively extend time for service.

In addition, the Court notes that Plaintiff opted to not file a Second Amended Complaint following the Court's April 17, 2023 Order on Ford's and Ethos Group Inc.'s second motions to dismiss. *See* Doc. No. 30. As such, the Court **ORDERS** the following regarding the remaining Defendants:

1. Ford shall file **an answer** to the surviving claims against it in the First Amended Complaint, Doc. No. 22, no later than **June 20, 2023**.
2. Norm Reeves shall file **a response** to the First Amended Complaint, Doc. No. 22, no later than **June 20, 2023**.

**IT IS SO ORDERED**.

Dated: June 6, 2023

HON. MICHAEL M. ANELLO
United States District Judge